## Dehoff Petition

*Laucks & Monroe,* for petitioner.
*Raymond L. Hovis,* for respondents.

ATKINS, P. J., March 24, 1961.—On March 13, 1961, the last day for filing nominating petitions for the primary election to be held on May 16, 1961, Allen Dehoff filed with the Board of Elections of York County, a petition signed by 11 electors of York Township, York County, to have his name placed on the primary ballot for the office of treasurer of said township. . . .

The testimony disclosed that at the time the petition was signed by the signers, the information contained at the top of the petition was blank, so that the following information was not therein contained:

(*a*)  The name of the municipality.

(*b*)  The name of the political party of petitioner and the signers.

(*c*)  The name of the county.

(*d*)  The name of the person whose name was to be placed on the ballot.

(*e*)  The occupation of the person whose name was to be placed on the ballot.

(*f*)  The residence of the person whose name was to be placed on the ballot.

(*g*)  The year of the election.

(*h*)  The office for which the person whose name was to be placed on the ballot was a candidate.

Mr. Dehoff took the petition to the office of the clerk of the courts, where the chief deputy filled in the information above referred to. At the time this information was filled in, the office for which Mr. Dehoff would appear as a candidate was designated as "Tax Collec-

tor." York Township being a first class township, the correct designation of the office should have been "Treasurer," and this correction was made by the clerk in the office of the board of elections by drawing a line through the words "Tax Collector" and writing in the word "Treasurer."

Section 977 of the Pennsylvania Election Code, of June 3, 1937, P. L. 1333, as amended by the Act of May 21, 1943, P. L. 353, 25 PS §2937, provides in part:

"If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, it shall be set aside."

The pertinent portion of section 976 of the Pennsylvania Election Code as last amended by the Act of June 28, 1947, P. L. 1038 25 PS §2936, provides that

"No nomination petition, nomination paper or nomination certificate shall be permitted to be filed if—
. . . (b) it contains material alterations made after signing without the consent of the signers; . . ."

Therefore, if material alterations were made after the signing of the petition without the consent of the signers, the court would be required to set the petition aside under the provisions above referred to. We can think of nothing that would be more material to the petition itself than the supplying of the information which admittedly was not contained in the petition at the time the signers affixed their names to it. The supplying of this information after the signers had signed the petition would certainly constitute a material alteration of the petition itself.

There is no testimony to show that any of the signers gave their consent to the filling in of this petition after they had signed it; and from the testimony it is clear that there was no opportunity afforded to them,

because according to Mr. Dehoff's testimony, he went directly from the office of the clerk of the courts to the office of the board of elections and there immediately filed the petition.

It is argued that there was an implied consent by the signers to this alteration, by reason of the fact that Mr. Dehoff testified that when he requested the signers to sign his petition he told them that he was intending to file the petition as a candidate for the office of tax collector or treasurer, and that by signing the petition with this knowledge the petitioners thereby consented that the necessary information be added to the petition later. We cannot approve this procedure for the following reasons:

In the first place, it is questionable whether the petition was in fact a petition at the time the electors signed it. In Strousse v. Beaston, 18 Dist. R. 590, the Court said:

". . . petitions signed in blank, that is to say, petitions which have no names in them or no party names in them, and are signed absolutely in blank and are afterwards filled in by some one, are not petitions at all. They do not comply with the provisions of the statute."

Furthermore, approval of this practice would open the door to such fraud that it cannot be condoned. We do not intend by anything said herein to infer that Mr. Dehoff in this instance acted with any fraudulent intent; but the possibilities of fraud are so obvious that it seems unnecessary to detail them.

Judge Woodside, now of the Superior Court, when he was judge of the Court of Common Pleas of Dauphin County, reached this same conclusion in Stern Nomination Papers, 65 D. & C. 64.

We, therefore, conclude that the prayer of the petition to set aside the nomination petition in this case

must be granted. In view of this conclusion, it is not necessary to discuss the other reasons alleged in the petition. Accordingly, we enter this

*Order*

And now, to wit, March 24, 1961, upon consideration of the petition and testimony in this case, it is ordered, adjudged and decreed that the petition of Allen Dehoff to have his name placed on the ballot as a candidate for the office of Treasurer of York Township, York County, at the primary election to be held on May 16, 1961, be and is hereby set aside; and exception is granted to Allen Dehoff to the action of the court in this regard.